[No. 8013. Department Two. October 8, 1909.]

CHRISTIAN O. ROOD, *Respondent,* v. SEATTLE ELECTRIC COMPANY, *Appellant.*[1]

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for personal injuries for $3,708, reduced by the trial court to $3,008, is not excessive, where it appears that the plaintiff, a carpenter and joiner, twenty-eight years old, earning $3.50 a day, lost the entire little finger of his left hand, the middle finger above the knuckle joint, and the end of the index finger, leaving them very sensitive to the touch and cold and incapable of picking up material or tools.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 12, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an operator of a planing machine. Affirmed.

*James B. Howe* and *Hugh A. Tait,* for appellant.

*Henry Gulliksen* and *Vince H. Faben,* for respondent.

PER CURIAM.—This action was instituted to recover damages for personal injuries sustained by the plaintiff while operating a planing machine or joiner in the defendant's shops at Georgetown, in this state. The jury returned a

[1]Reported in 104 Pac. 249.

verdict in favor of the plaintiff in the sum of $3,708, but on motion for a new trial, the court required the plaintiff to remit the sum of $700 from the verdict or submit to a retrial. The remission was made, and from a judgment on the verdict for the residue, this appeal is prosecuted.

The sole error assigned in support of the appeal is that the verdict is still excessive. The testimony shows that the respondent is twenty-seven or twenty-eight years of age, a carpenter and joiner by trade, with an earning capacity of $3.50 per day. Through the accident he lost the entire little finger of his left hand, the middle finger was amputated about the knuckle joint, the end of the index finger was cut off diagonally, but the bone was not injured, while the ring finger was cut off in childhood.

The testimony shows that the injured fingers are very sensitive to the touch and to the cold, and this is so far a matter of common knowledge that the court may take judicial notice of it. The respondent cannot pick up material, nails or tools with the injured hand, and is greatly hampered in climbing ladders, etc. Under all the circumstances, we are unable to say that a verdict of $3,008 is excessive, especially in view of the fact that the trial court has already exercised its discretion and reduced the amount of the recovery to such sum as it deemed just and compensatory.

The judgment is therefore affirmed.